HARRY T. JONES ET AL. V. THEODORE O. BIVIN.

FILED MAY 1, 1893.  No. 4968.

Order Discharging Attachment: EVIDENCE: REVIEW.  Where an order discharging an attachment is against the clear weight of evidence, it will be reversed and the attachment sustained.

ERROR from the district court of Seward county.  Tried below before BATES, J.

*E. C. Biggs* and *D. C. McKillip*, for plaintiffs in error.

*R. P. Anderson* and *George H. Terwilliger, contra.*

MAXWELL, CH. J.

The plaintiffs began an action by attachment against the defendant and levied upon lots 9 and 10, in block 67, in

Harris, Moffitt & Roberts' addition to Seward. There were three grounds of attachment, namely, that the defendant is about to convert a part of his property into money for the purpose of placing it beyond the reach of his creditors. 2. The defendant has property and rights in action which he conceals. 3. The defendant has disposed of part of his property with the intent to defraud his creditors. The defendant denies the facts stated in the affidavit for attachment. Whereupon a large number of affidavits in support of and opposed to the attachment were filed. It is conceded that the defendant conveyed the lots in question to his brother, John Bascolm Bivin, on or about the 30th day of June, 1891, and the question presented is, was the latter a *bona fide* purchaser? A number of witnesses filed affidavits stating that the defendant had said to them that there was no consideration for the conveyance to his brother, but that he had placed the property in his hands so that 'creditors could not reach it. This he denies and claims that the sale to his brother was a *bona fide* transaction. There is also an affidavit of the brother wherein he says:

"That on the 12th day of July, 1888, said Theodore O. Bivin became indebted to this affiant in the sum of $1,000 for money loaned by this affiant to said Theodore O. Bivin at his request, for which said Theodore O. Bivin made, executed, and delivered to this affiant his promissory note of that date for the sum of $1,000, a copy of which, with all the indorsements thereon, is hereto attached, marked Exhibit A, and made a part of this affidavit; that on the 30th day of June, 1891, this affiant purchased of said Theodore O. Bivin certain real property described as follows, to-wit: lots 9 and 10, block 67, Harris, Moffitt & Roberts' addition to the original town, now the city of Seward, Nebraska; that this affiant paid said Theodore O. Bivin, as consideration of and as payment for said premises, the sum of $800, by giving said Theodore O. Bivin, at his request, credit on said note for said $800 and by indorsing thereon

as paid the sum of $800 as shown by the indorsement on the back of said Exhibit A, hereto attached,. said indorsement being marked Exhibit B, and made a part of this affidavit; that the said indorsement on the back of said note was made in consideration of and in payment to said Theodore O. Bivin for the above described premises and for no other purpose whatever."

It will be seen that there is no statement of the amount of money he loaned his brother, or that he desired a conveyance, and the suggestion in the affidavit that the credit was given at the request of the defendant is very suggestive.

The case is very similar in some of its features to that of *Omaha Hardware Co. v. Duncan*, 31 Neb., 217. In that case the mortgagors, after denying the fraud, stated: "'That on the 2d day of October, 1889, they made and executed and delivered a certain chattel mortgage to W. H. Butler and Edmund Jeffries on the stock of goods contained in the store building situate on lot 15, block 3, in Pauline, Adams county, Nebraska, being the same stock of goods taken under an order of attachment issued in this cause; that said mortgage was given to secure a valid indebtedness from these defendants to said W. H. Butler and Edmund Jeffries of $2,217.82, and that it is provided in said chattel mortgage that these affiants were to remain in possession of said goods and sell the same at public or private sale, and apply the proceeds of such sales in liquidation of the said sum of $2,217.82 so secured; that said mortgage was filed in the office of the county clerk of Adams county, Nebraska, on the 2d day of October, 1889, and these defendants have, in all respects, fulfilled the conditions of said chattel mortgage.'   *   *   *

"This," it is said, "is substantially all the testimony upon the hearing for dissolution of the attachment, and it was insufficient for that purpose.   The chattel mortgage, if valid, withdrew the property of the defendants from levy

and sale upon either an attachment or execution. The circumstances under which this mortgage was made were such as to require proof from the mortgagees as to the actual consideration paid by them to the defendants. In other words, how was the debt incurred, and for what? These questions are not answered by the allegation of the defendants that the debts were *bona fide.* They should have stated the facts in regard to the creation of the debt and the consequent giving of security for the same, and the court would have drawn conclusions of law from such facts. On the face of the papers, therefore, unless this mortgage was a *bona fide* transaction, there was an attempt on the part of the defendants to place their property beyond the reach of their creditors, which would fully justify an attachment."

In our view there is a failure to establish the *bona fides* of the conveyance to the brother. The judgment is clearly against the weight of evidence. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.